**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HSBC BANK USA, N.A., AS TRUSTEE ON
BEHALF OF ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST AND FOR THE
REGISTERED HOLDERS OF ACE SECURITIES
CORP. HOME EQUITY LOAN TRUST, SERIES
2006-HE2, ASSET BACKED PASS-THROUGH
CERTIFICATES                                    CASE NUMBER: 1:12-cv-3320

PLAINTIFF

VS.

JACQUELINE J. JOHNSON, SFC FUNDING
TRUST C/O SERVICE FINANCE CO,

DEFENDANT(S).

## COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-HE2, ASSET BACKED PASS-THROUGH CERTIFICATES, by Burke Costanza & Carberry LLP, one of its attorneys, files its Complaint to foreclose a mortgage, states as follows:

1.      Plaintiff files this Complaint to Foreclose the Mortgage hereinafter described.

2.      Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C. 1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.

3.      Plaintiff is a national association chartered under the laws of Virginia, and having its principal place of business and headquarters in the State of Virginia.

4.      Defendant(s) is/are citizen(s) of the following State(s):

Jacqueline J. Johnson the State of IL

5.      The citizenship of other persons or entities joined as defendants is as follows:

SFC FUNDING TRUST C/O SERVICE FINANCE CO – is a corporation incorporated in

Illinois and having its principal place of business in Illinois.

6.      Venue is proper in this District because the Mortgage at issue is secured by property located in this District and because a substantial part of the events or omissions giving rise to the claim occurred here. 18 U.S.C. § 1391.

7.      Plaintiff, elected to accelerate the principal balance due, together with accrued interest, fees and costs, and confirms that election by the filing of this complaint.

8.      Any pre-suit notice requirements have been met, and any and all grace periods have expired or have been waived.

9.      Attached as Exhibit "A" is a copy of the Mortgage. Attached as Exhibit "B" is a true copy of the Balloon Note ("Note") secured thereby. Attached as Exhibit "C" is a copy of the Assignment of Mortgage.

10.     Information concerning mortgage:

a)      Nature of instrument:            mortgage
b)      Date of mortgage:               12/08/2005
c)      Name of mortgagor:              Jacqueline J. Johnson
d)      Mortgage Information:

      i.      Name of Original Mortgagee: FIRST NLC FINANCIAL SERVICES, LLC
      ii.     Name of Current Mortgagee:
      HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-HE2, ASSET BACKED PASS-THROUGH CERTIFICATES
      iii.    Name of Current Loan Servicer: Ocwen Loan Servicing, LLC

e)      Date and place of recording:

      Recorded on 12/27/2005, in the Office of the Cook County Recorder's Office

f)      Identification of recording:

      Document/Instrument No. 0536141176

g)      Interest Subject to Mortgage: Fee Simple
h)      Amount of Original Indebtedness:, including subsequent advances made under the mortgage: $162,000.00
i)      Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

      THE SOUTH 34 FEET OF LOT 77 IN DIVISIONS 2 IN WESTFALL`S SUBDIVISION OF 208 ACRES IN THE EAST 1/2 OF THE SOUTHWEST 1/4 AND THE SOUTHEAST

FRACTIONAL 1/4 OF SECTION 30, TOWNSHIP 38 NORTH, RANGE 15, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

More Commonly Known As:    7639 South Saginaw Avenue
                           Chicago, IL 60649

Permanent Index No. 21-30-312-013-0000

j)    Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor(s) to pay the monthly installments of principal, interest, and taxes, from 11/01/2011 through the present. There remains an outstanding principal balance of $104,230.71 with interest accruing on the unpaid principal balance at $24.50 per day, plus attorneys fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

k)    Name of present owner of the real estate:

      Jacqueline J. Johnson

l)    Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

      That SFC FUNDING TRUST C/O SERVICE FINANCE CO is a party to this action by virtue of a UCC Instrument entered against Jacqueline J. Johnson recorded September 3, 2009 as Instrument 0924619029.

m)    Names of defendants claimed to be personally liable for deficiency, if any:

      Jacqueline J. Johnson

n)    Capacity in which Plaintiff brings this foreclosure: Plaintiff is the legal holder of the indebtedness and the owner of the mortgage given as security given as security therefore.

o)    The redemption period terminates on one of the following dates, whichever is later:

      If the Property is Residential Real Estate:

            (i)     7 months from the date the mortgagor [or, if more than one, all the mortgagors]
                    (I) have been served with summons or by publication or
                    (II) have otherwise submitted to the jurisdiction of the court; or

            (ii)    3 months from the entry of the judgment of foreclosure.

      If  the Property is Non-Residential Real Estate

            (i)     6 months from the date the mortgagor [or, if more than one, all the mortgagors]
                    (I) have been served with summons or by publication, or
                    (II) have otherwise submitted to the jurisdiction of the Court, if commercial real

estate; or

    (iii)    3 months from the entry of the judgment of foreclosure,

Pursuant to the terms of the 735 ILCS 5/15-1603, the Court will determine the length of the redemption period upon making a finding, based on the facts and circumstances available to the Court at the time of judgment, that the property is either residential, non-residential, abandoned, or real estate of value less than 90 percent of amount owed.

p)    Facts in support of request for attorneys' fees and of costs and expenses, if applicable:

Pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorneys' fees, court costs, title costs, and other expenses, which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

q)    Facts in support of a request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought:

Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession or Receiver, if applicable.

r)    Plaintiff reserves the right to offer, in accordance with Section 15-1402 [735 ILCS 5/15-1402] to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

s)    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Jacqueline J. Johnson by virtue of being the Mortgagor(s) and/or Owners of record

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A.    Judgment of foreclosure and sale by the Sheriff of Cook County or a Judicial Sales Officer appointed for that purpose.

B.    An order granting a shortened redemption period, if applicable.

C.    A deficiency judgment against only those Defendants/Obligors, who have not received an order discharging the subject debt in bankruptcy proceedings, or who are not currently involved in bankruptcy proceedings in which the stay has been modified for the sole purpose of foreclosing the subject lien.

D.    An Order granting possession if sought.

E.   An Order placing the mortgagee in possession or appointing a receiver, if sought.

F.   A judgment for attorneys' fees, costs and expenses, including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff, if sought.

G.   A finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

H.   An Order enforcing its assignment of rents derived from the real estate, if applicable.

I.   Such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

J.   A Sale by public auction.

K.   A cash sale by open bid.

L.   A provision that a Sales Officer, Sheriff of Cook County, or special commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of Redemption.

M.   An order that the title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record.

N.   That the plaintiff be entitled to recover in any reinstatement or redemption, any additional taxes paid, or advances paid for expenses including, but not limited to, insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

Dated: May 2, 2012

Respectfully submitted,

/s/ James N. Pappas
One of Plaintiff's Attorneys

JAMES N. PAPPAS  #6291873
Burke Costanza & Carberry LLP
Attorneys for Plaintiff
225 W. Washington St, Suite 2200
Chicago, IL 60606
(219) 769-1313